RTC v. Glachman                          CV-95-29-SD    01/24/96

UNITED STATES DISTRICT COURT FOR THE

                        DISTRICT OF NEW HAMPSHIRE


Resolution Trust Corporation


         v.                                      Civil No. 95-29-SD


Donald Glachman, et al



                              O R D E R


     The court revisits this litigation, the course of which has

been marked largely by dilatory tactics on the part of the

defendants.  In its order of November 22, 1995, the court, inter

alia, directed defendants "to select and have local counsel

appear for them by December 15, 1995," on penalty of sanctions,

which were described to "include the dismissal of the defendants'

counterclaim and the entry of default for RTC."  Document 41, at

2.  No local counsel has appeared for defendants as of the date

of this order.

     Additionally, plaintiff Resolution Trust Company (RTC) went

out of business as of December 31, 1995.  Prior to that date,

plaintiff moved pursuant to Rule 25(c), Fed. R. Civ. P.,[1] for succession and substitution of RTC by the Federal Deposit Insurance Corporation (FDIC). Document 42. The applicable statutory provisions of 12 U.S.C. § 1441a(m)(1) and 12 U.S.C. § 1821a(a)(1) authorize such transfer and, accordingly, the motion is herewith granted and FDIC is herewith substituted as the plaintiff in this action.

FDIC has moved to amend the complaint. Document 33. The court previously deferred ruling on this motion pending the appearance of new local counsel for defendants. As such local counsel has not appeared as directed, and as the amendment appears to be in proper order, Rule 15(a), Fed. R. Civ. P.;[2] Foman v. Davis, 371 U.S. 178, 183 (1962), the motion to amend is herewith granted, and the second amended complaint is herewith ordered docketed as of this date.

---

[1]Rule 25(c) provides in relevant part, "In case of any transfer of interest, the action may be continued by or against the original party, unless the court upon motion directs the person to whom the interest is transferred to be substituted in the action or joined with the original party."

[2]Rule 15(a), Fed. R. Civ. P., grants parties the right to amend once as a matter of course at any time before responsive pleadings are served, but goes on to provide, "Otherwise a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires."

The court finally turns to FDIC's motion for sanctions. Document 31. Prior ruling on this motion was also deferred by the court pending the appearance of new local counsel for defendants. As the court has been plagued by delays initiated by the defendants, the court herewith grants the motion, and orders dismissal of the defendants' counterclaim and the entry of default judgment for FDIC. The matter is referred to the magistrate judge for the setting of a hearing on assessment of damages.

SO ORDERED.

_____
Shane Devine, Senior Judge
United States District Court

January 24, 1996

cc: H. Jonathan Meyer, Esq.
    Robert E. Hirshon, Esq.
    William L. Small, Esq.
    Jessel Rothman, Esq.